

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 6 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ṣhu              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROY MELENDEZ,<br><br>Petitioner,<br><br>v.<br><br>CONNIE GIPSON, WARDEN,<br><br>Respondent. | Case No. CV 11-10084 RGK (AN)<br><br>ORDER DISMISSING MIXED FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2254 |

## I. BACKGROUND

Before the Court is the First Amended Petition ("FAP") pursuant to 28 U.S.C. § 2254 ("§ 2254"). The FAP was filed by petitioner Arthur Roy Melendez ("Petitioner"), a state prisoner proceeding in *pro se*. The FAP, like the initial petition, challenges Petitioner's current state custody arising from his conviction for kidnaping and forcibly committing various lewd sexual offenses against a child and his corresponding 65-years to life prison sentence that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. B217002).

After Petitioner filed his initial petition (dkt. 1) with this Court, the magistrate judge conducted a pre-service review and found it was subject to dismissal for two reasons: (1) it failed to name a proper respondent; and (2) it was a mixed petition because one of the two grounds, a purported insufficient evidence claim based upon the

1  Fourteenth Amendment's "Equal Protection Clause," was unexhausted and otherwise
2  frivolous to the extent the United States Supreme Court has never clearly established that
3  a conviction based upon insufficient evidence violates the Equal Protection Clause.
4  (12/21/11 Order (AN) at 1-3 (dkt. 3).) The magistrate judge found the problems might
5  be cured if Petitioner filed an amended petition naming a proper respondent and deleting
6  the unexhausted claim. Accordingly, the magistrate judge issued the 12/21/11 Order
7  directing Petitioner to file the FAP to cure the defects in the aforementioned manner. (*Id.*
8  at 3-4.) The 12/21/11 Order notified Petitioner his FAP would be dismissed without
9  further notice for disobedience with a court order and want of prosecution if he failed to
10 file the FAP in the required time and manner, and that the FAP would also be susbject to
11 dismissal without further notice as a mixed petition if it continued to include the
12 unexhausted insufficient evidence claim. (*Id.* at 4.)

13 Petitioner responded by filing his FAP. Although Petitioner partly complied by
14 naming a proper respondent, he disobeyed the 12/21/11 Order by reasserting the
15 unexhausted insufficient evidence claim (ground one) along with the exhausted
16 ineffective assistance of counsel claim (ground two). (FAP at 5.) Worse, he also purports
17 to add three new claims, none of which point to a real possibility of constitutional error
18 because they simply refer to his unattached opening appellant's brief. (*Id.*)

## II. DISCUSSION

20 Petitioner's FAP supersedes his initial petition and is the operative pleading. *Bullen*
21 *v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956) (finding "[i]t is hornbook law that an
22 amended pleading supersedes the original, the latter being treated thereafter as
23 non-existent."); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546
24 (9th Cir. 1989) (same).

25 Petitioner's improper, persistent inclusion of the unexhausted insufficient evidence
26 claim renders the FAP subject to dismissal as a mixed petition for the reasons explained
27 in the magistrate judge's 12/21/11 Order. Further, the 12/21/11 Order also clearly warned
28 Petitioner that a petition raising exhausted and unexhausted claims is a mixed petition that

must be dismissed. *See Pliler v. Ford*, 542 U.S. 225, 230, 124 S. Ct. 2441 (2004), citing *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198 (1982) (holding mixed petitions must be dismissed). This Court also has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for a litigant's failure to comply with court orders or failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Slack v. McDaniel*, 529 U.S. 473, 489, 120 S. Ct. 1595 (2000) (finding, under Rule 41(b), "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice.").

For the foregoing reasons, the FAP is dismissed without prejudice as a mixed petition. *Rose v. Lundy*, 455 U.S. at 522.

IT IS SO ORDERED.

DATED: February 3, 2012

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge